JOHN BRIDGES and another *v.* O. G. ROBINSON and others.

April Term, 1877.

INJUNCTION UPON PAUPER OATH. — A complainant who comes into this court for equitable relief against a legal demand ought not to be allowed to interfere with that legal demand, ordinarily, unless he is able to secure the opposite party against the consequences of the delay; and, therefore, where the injunction is against a judgment-creditor who has proceeded to the levy of an execution on personalty, and the injunction is under the oath prescribed for poor persons, the injunction should, as a general rule, be dissolved upon the defendant giving a bond with security to refund, if so required, on a final hearing.

*A. McClain*, for complainants.

*Charles Morley*, for defendants.

THE CHANCELLOR: — On January 20, 1877, the complainant Bridges bought from the defendant Robinson a small stock of groceries and some articles of personal property in a store in Edgefield, paying part of the consideration down and giving several notes for the residue, with his co-complainant as surety, payable monthly, commencing on March 1, 1877. The first of these notes, for $50, was assigned to the defendant Christopher Powers, who obtained a judgment on it, after it did fall due, before a justice of the peace. The original bill, afterwards amended by making Powers a defendant, was filed on March 3, to enjoin the collection of the judgment, and of the other notes, upon the ground of fraudulent representations in the sale of the groceries and personalty, by which the complainant has been damaged to the full amount of the unpaid purchase-money. An injunction was obtained as prayed, upon the complainants taking the oath prescribed for poor persons. This injunction, upon motion at chambers, based on the want of equity on the face of the bill, I modified so as simply to restrain the transfer of the notes and to allow the defendant Powers to proceed to a levy of his execution, unless the complainants would give a good injunction-bond, as required by law in injunction cases after judgment. *Bridges* v. *Robinson,* 2 Tenn. Ch. 720.

The defendant Powers has again brought the case before me on a motion to dissolve the injunction as to him *in toto*, upon the ground that his answer fully meets the equity of the bill. The equity of the bill as against the defendant Robinson arises out of the alleged fraudulent representations made by him in the sale, and as to these representations the defendant Powers says he knows nothing. The equity of the bill as against Powers himself is based upon the allegation that the note transferred to him was assigned

in satisfaction of a preëxisting debt due from Robinson to him. The answer of the defendant is, that it is untrue he took the note in payment of a preëxisting debt, and not in due course of trade; on the contrary, he in good faith received the note from said Robinson, with another note on a different party, "in compromise of a suit at law then pending between him and said Robinson, who paid all the costs of said suit." What the suit could have been about, unless it was on a preëxisting demand, does not appear. And I am in doubt whether I fully see the distinction between receiving a note in payment of a preëxisting debt and receiving it in satisfaction of a claim or demand in the form of a suit then pending. However, being of Irish descent myself, I can sympathize with an Irishman who is unconsciously gored by his own bull.

It is obvious that a complainant who comes into this court for equitable relief against a legal demand ought not to be permitted, ordinarily, to interfere with that legal demand unless he is able to secure the opposite party against the consequences of the delay. It would be more equitable to allow the opposite party, if he is solvent, to collect the debt, subject to the right of the complainant to be reimbursed upon the final hearing. To allow the benefits of the pauper's oath, which were intended to secure to the poorest citizen the opportunity of asserting his rights, to be perverted to the prevention or hindrance of the rights of others would be most inequitable. For this reason, I modified the original injunction so as to leave Robinson free to assert his rights at law, and only restrained him from passing the paper before maturity to innocent third parties, which restriction, I am inclined to think, would prevent the transfer in compromise of a pending suit. For the same reason, I permitted the defendant Powers to prosecute his legal rights to the levy upon the property of the defendants sufficient to satisfy his judgment, if he could find any, but not to sell until further order except by consent of the

defendants in the execution. I reserved further action until the meeting of the court, then near at hand, and the coming-in of the answers. If the answers of the defendants met the equity of the bill, it would be of course to dissolve the injunction upon the defendants giving a refunding-bond. If the answers failed to meet the equity, the proper course would be to allow the property levied on, if perishable, to be sold, and the proceeds paid into court, to be held subject to the final orders in the cause.

The papers handed to me do not include the answer of the defendant Robinson, if he has filed an answer, and I do not know, therefore, how far he has met its equity. If there be such an answer denying the allegations of the bill, the defendant Powers would be entitled to a dissolution of the injunction upon giving a refunding-bond. And even if the answers admitted the equity to some extent, but not to an extent sufficient to cover all the notes and the Powers judgment, or if the bill were taken for confessed against Robinson, which would still leave the extent of damages uncertain, the defendant Powers ought to be allowed to proceed on giving a good refunding-bond.

In view of all the circumstances of the case, and especially in view of the smallness of the amount involved, I have concluded to dissolve the injunction as to Powers, upon his giving a refunding-bond according to law, unless the complainants show good cause to the contrary.